

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Marc Saeed Sultana**

                     Plaintiff(s),

vs.

**Tom Wychor - Individual**
**Endeavor Air - Corporation**

                     Defendant(s).

Case No. __21-cv-2364 JRT/TNL__
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
YES [✓]  NO [ ]

(Enter the full name(s) of ALL plaintiffs and defendants in this lawsuit. Please attach additional sheets if necessary.)

## EMPLOYMENT DISCRIMINATION COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

    a. Plaintiff

    | | |
    |---|---|
    | Name | **Marc Saeed Sultana** |
    | Street Address | **112080 Stone Creek Dr.** |
    | County, City | **Carver, Chaska** |
    | State & Zip Code | **MN 55318** |
    | Telephone Number | **(651) 263-8390** |

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address

where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

a. Defendant No. 1

| | |
|---|---|
| Name | **Tom Wychor** |
| Street Address | **7500 Airline Drive** |
| County, City | **Hennepin, Minneapolis** |
| State & Zip Code | **MN 55450** |

b. Defendant No. 2

| | |
|---|---|
| Name | **Endeavor Air** |
| Street Address | **7500 Airline Drive** |
| County, City | **Hennepin, Minneapolis** |
| State & Zip Code | **MN 55450** |

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.
Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g., Additional Defendants 2.c., 2.d., etc.)**

JURISDICTION

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

3. This employment discrimination lawsuit is based on (check only those that apply):

   a. ☑ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC).*

   b. ☑ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older). **NOTE:** *In*

2

order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission (EEOC).

c. [ ] Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability. **NOTE:** *In order to bring suit in federal court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).*

d. [ ] Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. **NOTE:** *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office (EEO) representative or agency.*

e. [✓] Other (Please describe.)

**Wrongful Termination (Retaliation)**

4. If you are claiming that the discriminatory conduct occurred at a location other than the defendant's address above, please provide the following information on where the conduct occurred:

   (Street Address)        (City/County)        (State)        (Zip Code)

5. When did the discrimination occur? Please give the date or time period:

   **May 15, 2018 - July 12, 2018**

ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

   a. [✓] Yes    Date filed: **05/07/2019**
   b. [ ] No

7. Have you received a Notice of Right-to-Sue Letter?

3

a. [✓] Yes    If yes, please attach a copy of the letter to this complaint.
b. [ ] No

## NATURE OF THE CASE

8. The conduct complained of in this law suit involves (check only those that apply):

   a. [ ] Failure to hire me
   b. [✓] Termination of my employment
   c. [✓] Failure to promote me
   d. [ ] Failure to accommodate my disability
   e. [ ] Terms and conditions of employment differ from those of similar employees
   f. [✓] Retaliation
   g. [ ] Harassment
   h. [✓] Other conduct (please specify):

   **Used 'Simulator Training' as a weapon against me.**

   i. Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

      [✓] Yes   [ ] No

9. I believe that I was discriminated against because of my (check all that apply):

   a. [✓] Race
   b. [✓] Religion
   c. [✓] National origin

4

d. [✓] Color

e. [ ] Gender

f. [ ] Disability

g. [✓] Age (my birth year is: **1,963.** )

h. [ ] Other (please specify):

i. Did you state the same reason(s) in the charge of discrimination, referred to in number 6 above?

[✓] Yes   [ ] No

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct (i.e. how, where, and when). Each paragraph must be numbered separately, beginning with number 10. Please write each allegation of discrimination in a separately numbered paragraph.

10.

**10. Plaintiff is a 58-year-old Airline Captain who was hired by Defendants on June 4, 2007, where he worked as a First Officer, Pilot Recruiter, FCF Test Pilot, Conformity-Test Pilot, and a Captain. With a perfect record during 'Annual Recurrent Training/LOE' (LOE-Line Operational Experience) for the previous 10 years (2008-2017), the Plaintiff successfully passed numerous FAA 'Line Checks' (Flight Check/Evaluation given during an actual revenue flight with passengers onboard) and Company 'Line Checks' over the 11-year period the last of which occurred on April 24, 2018 (Company Line Check) and on May 3, 2018 (FAA Line Check). Plaintiff had a hundred percent pass rate for these Line Checks, the most recent of which was given by FAA Inspector on May 3, 2018.**

**Please see additional sheets.**

Please see additional sheets.

Attach additional sheets of paper as necessary.
Check here if additional sheets of paper are attached: ☑
Please label the attached sheets of paper as Additional Facts and continue to number the paragraphs consecutively.

REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

Please see additional sheets.

Date: **10/24/2021**

_____
Signature of Plaintiff

Mailing Address   **112080 Stone Creek Dr.**
**Chaska, MN 55318**

Telephone Number   **(651) 263-8390**

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

10.     Plaintiff is a 58-year-old Airline Captain who was hired by Defendants on June 4, 2007, where he worked as a First Officer, Pilot Recruiter, FCF Test Pilot, Conformity-Test Pilot, and a Captain.  With a perfect record during *'Annual Recurrent Training/LOE'* (LOE-Line Operational Experience) for the previous 10 years (2008-2017), the Plaintiff successfully passed numerous FAA 'Line Checks' (Flight Check/Evaluation given during an actual revenue flight with passengers onboard) and Company 'Line Checks' over the 11-year period the last of which occurred on April 24, 2018 (Company Line Check) and on May 3, 2018 (FAA Line Check). Plaintiff had a hundred percent pass rate for these Line Checks, the most recent of which was given by FAA Inspector on May 3, 2018.

11.     Since his Captain upgrade in July 2014, the Plaintiff also volunteered to assist the Training Department in the capacity of a *'Seat-Support'* Captain as part of Training/Evaluation in full-motion [Level-D simulator] of the new and established First Officers.  Besides passing his own *Annual Recurrent Training* for the previous ten years, the Plaintiff appeared as a *Seat Support* Captain 17 times since his upgrade as a Pilot-in-Command on the CRJ-900, a modern, Next Generation twin-jet operated by Defendants.  The Plaintiff is a highly experienced Captain who has logged over 6-,300 safe flight hours (1,743 safe flight hours as a Pilot-in-Command) in the twin-jet flown by the Defendants along with hundreds of hours logged in the simulator as a First Officer trainee, Captain trainee, and as a 'Seat-Support' Captain.  The Plaintiff has a flawless Safety Record with numerous commendations from company management, college, and previous employers regarding his work ethics, ability to go above and beyond, attendance/reliability, and

with many recommendations for his promotion to *Simulator Instructor* position, *Line-Check Airman* (LCA) and even a regional *Chief Pilot*. The Plaintiff is considered an expert in simulator evaluation/training events by many Instructors and First Officers.

12.     The Plaintiff was selected as one of the few 'Testers' by Defendants during the 'testing phase' to implement use of Electronic Flight Bag (EFB) while switching to paperless - Full Electronic - flight deck.

13.     Due to his performance and experience as a skilled pilot. the Plaintiff was selected by the Defendants as a part of the pilot team to assist evaluating/testing/implementing the new FAA's AQP (*Advanced Qualification Program*). The Plaintiff was part of the first pilot crew to undergo *Annual Recurrent Training* evaluations, and passed, under the new, and current, evaluation program called AQP/LOE (April 7-8, 2014).

14.     The Plaintiff received written notification of his termination on August 21, 2018.

15.     Plaintiff is an American citizen who emigrated from Pakistan. He has darker skin pigmentation. He is a Muslim. He became a commercial pilot as a second career at age 36 after his first career as a professional Squash player and coach. Plaintiff obtained the highest of the professional pilot qualifications/licenses, ATP (Air Transport Pilot) in 2005, two years before joining Defendants' organization in 2007.

16.     In January 2017, Plaintiff made a complaint of discrimination to the Vice President of Flight Operations regarding an incident on Tuesday. January 10, 2017, of race and national origin discrimination by a Delta Air Lines' flight attendant who deliberately and intentionally destroyed Captain's hat worn by the Plaintiff.

17.     On August 31, 2017, Plaintiff was de-qualified by employees of Defendants while volunteering to assist the Training Department, as a 'Seat-Support' Captain, during the simulator evaluation (LOE) of a new-hire First Officer. This illegal action, again, was based on non-existent/un-publish, unapproved [by the FAA] criteria. 'Seat-Support' Captain is never evaluated, and that information was/is widely disseminated, and known to the entire pilot group. In fact, no such criteria could be found in company *Flight Operations Manual* (FOM); *Company Flight Manual* (CFM); and the *Flight Operations Training Manual* (FOTM), the Master document approved by the FAA. [*This manual (FOTM) complies with guidelines and training requirements as set forth in 14 CFR Part 121, subpart Y, as well as the Air Transportation Operations Inspectors Handbook 8900.10*]. Upon protesting for such treatment, I was told by the instructor and the Director of Training, that no official records are kept or maintained, but the chief pilot, Tom Wychor, made great emphasis on this this event during the meeting with the Plaintiff on Thursday, July 12, 2018 as one of the reasons for his employment termination while trying to force the Plaintiff to sign the resignation letter that was provided during the meeting by the chief pilot - which he had already printed. The 'de-qualified' action by the company while the Plaintiff was volunteering to assist the company during the 'Seat-Support' LOE for the new-hire First Officer, along with other LOE evaluations is obviously based on bogus, non-existent, unpublished, and unapproved criteria to establish a false history of training, which in turn was used to terminate Plaintiff's employment, shows clear and obvious pretext for discrimination and reprisal.

18.     In May and June 2018, Plaintiff had three incomplete Line Operations Evaluation (LOE) as part of his 11th annual recurrent training (an 'Incomplete' outcome is considered a failed event by Defendants). These simulator evaluations were administered by employees of Defendants. For each of the LOEs, the decision to not pass Plaintiff was based on arbitrary and subjective

determinations by the evaluation administrators using, once again, non-existent, and unpublished evaluation criteria.

19. Plaintiff is aware of other pilots reacting the same way during LOEs and still successfully completing the LOEs. Plaintiff is especially aware of other pilots, not with any of Plaintiff's protected classes, making more egregious errors and still having a successfully completed LOE in 2018 and earlier. The identified items had historically, and for other pilots, been considered de-brief items to be discussed after the evaluation, not items that would lead to an incomplete/unsuccessful outcome of an evaluation. After the first and second LOEs, Defendants did not administer any training relevant to the presumed incomplete items of the LOEs.

20. After the three incomplete LOEs, especially considering the fact that all three LOEs evaluations/results were based on non-published/non-existent criteria, Defendants could have administered another LOE or transferred Plaintiff to a First Officer position for a short period. Plaintiff has a reason to believe that other pilots had been afforded these same types of opportunities. This comes against a backdrop of Defendants bypassing Plaintiff for various career enhancement opportunities, even though he was more experienced and senior than the candidate selected. In one case, even a junior First Officer with no experience in the field was selected for a managerial position of *Fleet Manager* (unheard of in the airline world), and the Plaintiff, as an experienced *FCF Test Pilot* and a *Conformity Test Pilot* and a Captain, was not even offered an interview even though the company management had promised to interview him for this position. Yet, in other cases, repeatedly, a much junior pilot was interviewed, and selected for regional Chief Pilot position(s) - in New York and Minneapolis - while the Plaintiff was never offered an interview (two of the regional chief pilots - Minneapolis and New York Chief Pilots – were not even hired as first officers by the time the Plaintiff had upgraded to the Captain position in July, 2014). The plaintiff was also repeatedly denied interview for the

lucrative position of Simulator Instructor – with very high Quality of Life and pay/benefits – while much junior pilots were hired including few how were not even hired as a First Officer when the Plaintiff had upgraded to the Captain position in the summer of 2014. Both simulator instructors conducting evaluation in LOE 2 and LOE 3, are indeed junior to Plaintiff and were offered instructor positions. All these positions were offered to pilots who are not in a protected class as the Plaintiff and were treated more favorably besides their lower level of seniority and experience compared to the Plaintiff.

21.     Defendants' decision to terminate Plaintiff based upon the incomplete LOEs is a pretext for discrimination and reprisal.

22.     Plaintiff has claims for race, color, creed, national origin, religion, age, and reprisal as he was disparately treated compared to other pilots. Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et. Seq., and Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et. seq.; he has the right to be free from any type of adverse employment action on the basis of these characteristics and actions.

REQUEST FOR RELIEF

## **REMEDIES and RELIEF**

1. The Plaintiff is entitled to relief under Title VII and ADEA for his employer's unlawful discriminatory conduct and retaliation, including but not limited to for the Employer's disparate treatment of the Plaintiff for engaging in protected activities.

2. Plaintiff respectfully requests that the Court enter judgment in his favor andagainst the Defendants and direct the following relief:

   a. For a money judgment representing compensatory damages, including impending lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;

   b. For a money judgment representing liquidated damages for the Defendants' willful violations of Title VII and ADEA, and any related statutes, regulations and rights;

   c. For a money judgment representing prejudgment interest;

   d. For an Order directing the Defendants to restore the Plaintiff's position as Captain, FCF Test Pilot, Conformity-Test Pilot, and a Pilot Recruiter with back pay and benefits;

REQUEST FOR RELIEF

e. For an Order directing the Defendants to make changes in Plaintiff's official pilot employment records (PRIA) to indicate LOE 1 as complete, and remove all false and malicious remarks from PRIA along with false evaluation records of LOE for Captain upgrade in 2014 and false evaluation record of First Officer initial PC (Proficiency Check) in 2007.

f. That the Court retain jurisdiction over this action until the Defendants hasfully complied with Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

g. For costs of suit; and

h. For such other and further relief, including punitive damages, as may be just and proper.