# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Saeed Sultana,<br><br>Plaintiff,<br><br>v.<br><br>Tom Wychor and Endeavor Air,<br><br>Defendants. | Court File No. 21-cv-2364 JRT-TNL<br><br>**SEPARATE ANSWER OF<br>DEFENDANT ENDEAVOR AIR, INC.** |

Defendant Endeavor Air, Inc.[1] ("Endeavor"), by and through its undersigned attorneys, hereby answers the Complaint in the above-entitled action by denying each and every thing, fact, matter and allegation set forth therein (including any headings) except as specifically admitted below, and further responds as follows.

1. On information and belief, Endeavor admits that Paragraph 1 accurately identifies the Plaintiff in this action.

2. Answering Paragraph 2, Endeavor admits, on information and belief, that Plaintiff intends to name Thomas (Tom) Wychor ("Wychor") and Endeavor as defendants in this action, but denies that they are identified accurately in said Paragraph, and denies that Plaintiff has effectuated service upon Wychor.

3. Paragraph 3 constitutes a legal conclusion that Endeavor need not admit or deny. In further answering Paragraph 3, Endeavor denies that it is liable to Plaintiff under

---

[1] Incorrectly identified in the Complaint as simply "Endeavor Air."

any of the laws indicated and denies that there is a cause of action for "[w]rongful [t]ermination ([r]etaliation)."

4. Answering Paragraph 4, Endeavor denies that it engaged in any discriminatory conduct at any location.

5. Answering Paragraph 5, Endeavor denies that it engaged in any discrimination on any date or time period.

6. Answering Paragraph 6, Endeavor admits that, on information and belief, Plaintiff filed a Charge of Discrimination (the "Charge") against Endeavor, but not Wychor, with the Minnesota Department of Human Rights ("MDHR") on or about May 7, 2019, and the MDHR dual-filed the Charge with, and later referred the Charge to, the Equal Employment Opportunity Commission ("EEOC").

7. Endeavor admits that on March 9, 2021, the MDHR dismissed Plaintiff's Charge, and on July 7, 2021, the EEOC issued a Dismissal and Notice of Rights.

8. Answering Paragraph 8, Endeavor (a) admits that it terminated Plaintiff's employment after he failed three "Checkrides," pursuant to Section 11(B)(6)(e) of the Joint Collective Bargaining Agreement by and between Endeavor Air, Inc., and the Pilots in Their Service, as represented by the Air Line Pilots Association, International (the "CBA"); (b) admits that Plaintiff complained of the same alleged conduct in his Charge of Discrimination against Endeavor, and that Endeavor denied, and continues to deny, those complaints; (c) denies that Plaintiff filed a Charge of Discrimination against Wychor; and (d) denies that either Defendant engaged in any of the other conduct described in said Paragraph.

9. Answering Paragraph 9, Endeavor denies that it discriminated against Plaintiff because of any of Plaintiff's alleged membership in any legally-protected category, including those identified in the Complaint. Answering subparagraph 9(i), Endeavor admits that Plaintiff stated the same alleged reasons in his Charge of Discrimination, and that Endeavor denied, and continues to deny, those allegations.

10. Endeavor denies Paragraph 10.

11. Answering Paragraph Paragraph 11, Endeavor admits that Plaintiff volunteered to assist as seat support, but denies the remaining allegations.

12. Answering Paragraph Paragraph 12, Endeavor admits that Plaintiff volunteered and was selected to be one of the Endeavor employees to test the Electronic Flight Bag ("EFB"), but denies the remaining allegations.

13. Endeavor denies Paragraph 13.

14. Answering Paragraph 14, Endeavor admits that it provided Plaintiff with written notification of his termination on August 20, 2018, after orally advising him of his termination on July 19, 2018.

15. Answering Paragraph 15, Endeavor admits that Plaintiff obtained an Air Transport Pilot ("ATP") license, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 15, and therefore denies the same.

16. Answering Paragraph 16, Endeavor admits that in or about January 2017, Plaintiff made a complaint to Endeavor about the alleged conduct of a non-employee of Endeavor, and that Endeavor responded timely and appropriately to said complaint.

Endeavor lacks sufficient knowledge to admit or deny the remainder of Paragraph 16 and therefore denies the same.

17. Endeavor denies Paragraph 17, except that Endeavor admits that it de-qualified Plaintiff on August 31, 2017.

18. Endeavor denies Paragraph 18, except that Endeavor admits that on May 15, June 5, and June 30, 2018, Plaintiff failed three Line Operations Evaluations ("LOE") or "Checkrides."

19. Endeavor denies Paragraph 19.

20. Endeavor denies Paragraph 20, except that Endeavor admits that under the terms of the governing CBA, after Plaintiff failed his third Checkride, Endeavor had full discretion to handle Plaintiff's continuing employment as it deemed appropriate, including discretion to terminate said employment.

21. Endeavor denies Paragraph 21.

22. Endeavor denies Paragraph 22.

## REMEDIES AND RELIEF

Endeavor denies that Plaintiff is entitled to any relief as to Endeavor, including the relief specifically sought in paragraphs 1 and 2 (and subdivisions a. to h.) of the "Remedies and Relief" section of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, Endeavor asserts the following affirmative and other defenses:

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted. More specifically, Plaintiff cannot prove all necessary elements to

support his claim, nor does his claim state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, or other damages against Endeavor.

2. Plaintiff was an at-will employee who had had neither an express nor implied contract of employment.

3. All actions taken by Endeavor with respect to Plaintiff were undertaken in good faith, upon proper occasion, and with proper motive. Endeavor's conduct with respect to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons that were not in any way motivated by any of Plaintiff's protected traits, protected activity, or by any other discriminatory, retaliatory, or illegal motive.

4. The Complaint fails, in whole or in part, because Plaintiff did not exhaust his administrative remedies, and/or because of other applicable statutory or administrative filing requirements (including bars to recovery such as waiver, unclean hands, laches, equitable estoppel, and/or mistake).

5. The Complaint fails, in whole or in part, under the applicable statutes of limitations.

6. Plaintiff's "retaliation" claim fails, in whole or in part, because Plaintiff failed to engage in any conduct that is protected from retaliation under the statutes identified in the Complaint.

7. Plaintiff's Complaint fails, in whole or in part, because Endeavor had an honest, good-faith belief that it made all decisions were made solely for legitimate, business-related reasons and were reasonably related upon the facts as Endeavor understood them.

8. Plaintiff's "retaliation" claim fails, in whole or in part, because there was no causal link between any alleged protected conduct by Plaintiff and any adverse employment action that Endeavor allegedly took against Plaintiff.

9. Plaintiff's discrimination claim fails, in whole or in part, because there is no causal link between Plaintiff's age, race, color, religion, creed, national origin, or any other protected characteristics or activity and Plaintiff's termination, and there is no evidence of animus by Endeavor against Plaintiff for any exercise of rights protected by 42 U.S.C. § 2000e, *et seq*., 29 U.S.C. § 621, *et seq*., or any other law, statute, rule, or regulation.

10. The Complaint fails, in whole or in part, because of the business necessity and/or business judgment rules. Additionally, Endeavor had legitimate, non-retaliatory business reasons for all actions it took with regard to Plaintiff.

11. Plaintiff's claimed damages, if any, were caused by his own conduct, actions, and/or failure to act, and not by Endeavor's conduct, actions, and/or failure to act.

12. To the extent that Plaintiff has suffered any damages or injuries, which Endeavor denies, such damages or injuries were not caused by Endeavor's actions or conduct.

13. Endeavor exercised reasonable care to prevent and properly correct any alleged discriminatory or retaliatory behavior (including having in place clear and well-disseminated policies).

14. Plaintiff's Complaint fails, in whole or in part, because Plaintiff cannot show that any alleged discrimination was the "because of" or the "but for" reason for Endeavor's actions.

15. To the extent that Plaintiff has suffered any damages or injuries, which Endeavor denies, Plaintiff has failed to mitigate his damages.

16. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that he received or could have received during the period covered by any damage award.

17. Plaintiff's damages, if any, are speculative in nature and not compensable and are limited by operation of law including but not limited to common law and statutes.

18. Endeavor did not, at any time, act intentionally, knowingly, willfully, wantonly, or with a conscious disregard for any right of Plaintiff, thereby barring any claim for punitive damages.

19. Endeavor avers that any award of liquidated and/or punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Endeavor under the Constitutions of the United States of America and the State of Minnesota.

20. Some or all of the relief Plaintiff seeks is barred or limited by applicable statutory damage caps under federal law.

21. To the extent discovery discloses information which could serve as a basis for (earlier) termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

22. Plaintiff's Complaint fails, in whole or in part, because Endeavor would have reached the same employment decisions regarding Plaintiff for legitimate reasons unrelated to any discrimination or any alleged protected conduct. No action taken by Endeavor with respect to Plaintiff was unlawful and/or willful as a matter of law.

23. The Complaint fails, in whole or in part, due to Plaintiff's unreasonable failure to follow Endeavor's internal process for reporting discrimination as set forth in its written policies.

24. The Complaint fails, in whole or in part, because Plaintiff cannot establish a *prima facie* case of discrimination or retaliation, in that there is no evidence that Endeavor treated any similarly-situated non-members of Plaintiff's protected classes more favorably than they treated Plaintiff.

25. The extent to which the Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, cannot be determined at this time without the benefit of further investigation and discovery. Thus, as separate and alternative defenses to the Complaint, Endeavor reserves the right to assert all affirmative and other defenses as appropriate.

## **RELIEF REQUESTED**

**WHEREFORE**, Endeavor requests that the Court:

A. Dismiss the Complaint as to Endeavor in its entirety, with prejudice;

B. Awarding Endeavor all interest, costs, and attorneys' fees to which it may be entitled; and

C. Award Endeavor such other relief as the Court deems just and proper.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

Dated: February 10, 2022

*s/Andrew E. Tanick*
Andrew E. Tanick, #0178573
Colin H. Hargreaves, #0399252
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612.339.1818
Fax: 612.339.0061
andrew.tanick@ogletree.com
colin.hargreaves@ogletree.com

***Attorneys for Defendants***