## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Marc Saeed Sultana,                                Case No. 21-cv-2364 (JRT/TNL)

        Plaintiff,

v.                                                                         **ORDER**

Endeavor Air,

        Defendant.

Marc Saeed Sultana, 112080 Stone Creek Drive, Chaska, MN 55318 (pro se Plaintiff); and

Andrew E. Tanick and Colin H. Hargreaves, Ogletree Deakins Nash Smoak & Stewart PC, 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (for Defendant).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Endeavor Air's Motion to Compel Discovery, ECF No. 43. The Court took the motion under advisement, on the papers, without a hearing. ECF No. 49; *see also* D. Minn. LR 7.1(b).

## II. BACKGROUND

On October 25, 2021, Plaintiff Marc Saeed Sultana filed a Complaint against Defendant Endeavor Air, his former employer. *See* Compl., ECF No. 1. Plaintiff brings claims against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin; under the Age Discrimination in Employment Act of

1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older); and for wrongful termination (retaliation).  *See* Compl. ¶ 3.

On April 27, 2022, the Court issued a Pretrial Scheduling Order.  *See* ECF No. 28. Among other deadlines, the Court set the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) deadline for on or before May 26, 2022, and the fact discovery deadline for January 15, 2023.  *Id*. ¶¶ 1(a), 1(b).

On May 26, 2022, Plaintiff sent the Court an *ex parte* email explaining that he needed additional time to complete his pre-discovery disclosures.  He stated that he would "fil[e] a motion for extra time . . . in PACER within the next couple of hours."  That same day, Plaintiff filed a motion requesting more time to complete pre-discovery disclosures. ECF No. 33.  Plaintiff argued that he "completely misunderstood, and misjudged, what was required to be provided to [Defendant]," believing May 26 was the deadline to file a stipulation for a protective order, not the deadline for pre-discovery disclosures.  *Id*. at 1. "Based on [his] unintentional error and [the] circumstances," Plaintiff requested "extra time" to make his pre-discovery disclosures under Rule 26(a)(1).  *Id*.  The Court granted that request, and extended Plaintiff's pre-discovery disclosures deadline to June 14, 2022. *See* ECF No. 37.

On June 16, 2022, Plaintiff filed a motion for "more time to file response to interrogatories [and] production of documents."  *See* ECF No. 39.  Plaintiff requested a 30-day extension of the June 17, 2022, deadline to respond to Defendant's interrogatories and requests for production of documents.  *Id*.  Plaintiff argued that he needed additional time due to "the enormity of the task . . . to compile all the information and documents needed

and required by the Rules of the court . . . ." *Id*.  Plaintiff also sent the Court an *ex parte* email explaining the same thing and stating that he would be filing a motion for more time to respond.  Defendant opposed Plaintiff's request for an extension, arguing that Plaintiff (1) failed to show good cause, (2) failed to meet and confer with Defendant prior to file his motion, and (3) "has demonstrated that he feels no need to comply with deadlines even after the Court grants his requests for extension." *See* ECF No. 40 at 2.  Defendant also noted that while the Court extended Plaintiff's deadline to serve pre-discovery disclosures to June 14, 2022, Plaintiff did not do so.  *Id*. at 4-5.

The Court granted Plaintiff's motion for a 30-day extension to respond to Defendant's interrogatories and requests for production of documents.  *See* ECF No. 42. In its Order, "[t]he Court encourage[d] Plaintiff to use this time to work diligently to respond to Defendant's interrogatories and requests for production of documents." *Id*. at 2.  The Court noted that Plaintiff had already made multiple requests for extensions, and "caution[ed] Plaintiff that the Court may not find good cause to grant similar requests for extensions in the future." *Id*.  The Court also noted that "[g]oing forward, Plaintiff is reminded that he is responsible for litigating the claims he has alleged in this suit and complying with the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's Scheduling Order." *Id*.  Further, referencing an *ex parte* email Plaintiff sent, the Court reminded Plaintiff that "he must copy defense counsel on any emails or correspondence he sends to the Court." *Id*. at 3.  The Court noted that, "[g]oing forward, the Court will not consider ex parte communications from Plaintiff. Any correspondence directed to the Court . . . shall include defense counsel." *Id*. at 3.  The Court ordered

3

Plaintiff to respond to Defendant's interrogatories and requests for production of documents on or before July 18, 2022. *Id*. The Court noted that "[f]ailure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party . . . to any and all appropriate remedies, sanctions and the like . . . ." *Id*. at 3-4.

On June 29, 2022, Plaintiff sent another *ex parte* email to the Court. Plaintiff referenced Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for More Time to File Response to Interrogatories & Production of Documents, ECF No. 40. He stated that he was not sure if he needed to respond to Defendant's memorandum. On July 1, 2022, the Court responded to Plaintiff's email by stating:

> On June 27, 2022, the Court issued an Order granting your request for a 30-day extension to respond to Defendant's interrogatories and requests for production of documents. The Court has attached a one-time courtesy copy of that Order to this email.
>
> The Order also states that, 'Plaintiff is reminded that, with the exception of confidential status letters set forth in the Court's Pretrial Scheduling Order, he must copy defense counsel on any emails or correspondence he sends to the Court. Going forward, the Court will not consider ex parte communications from Plaintiff. Any correspondence directed to the Court (again, other than confidential status letters) shall include defense counsel.'
>
> Per the Court's Order, the Court will not be responding to your last email or any future emails. Any requests for relief from the Court shall be filed as a formal motion on the docket.
>
> Lastly, the District Court's website has a Pro Se Civil Guidebook that explains many of the procedures that pro se litigants may need to know. If you would like to review it, a copy is linked here:

https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf.

On July 14, 2022, Plaintiff sent another email to the Court stating, among other things, that he received the Court's Order.

On September 12, 2022, Defendant filed the instant Motion to Compel Discovery, ECF No. 43, requesting that the Court "compel Plaintiff to serve initial disclosures, supplement his discovery responses, execute appropriate authorizations, and produce various documents." *Id*. at 1. Defendant also requests reasonable attorneys' fees and costs incurred in bringing the motion, as well as such other relief the Court deems just and equitable. *Id*. A hearing on the motion was set for September 26, 2022. *See* ECF No. 44. Pursuant to D. Minn. LR 7.1(b)(1)(F), Defendant emailed an editable copy of its proposed order granting the motion to the Court's chambers. Defendant copied Plaintiff on that email.

According to Defendant's meet-and-confer statement, Defendant attempted to meet and confer with Plaintiff on July 15, 2022, and August 8, 2022, to discuss Plaintiff's failure to serve initial disclosures, deficient discovery responses, failure to execute appropriate authorizations, and incomplete document production. ECF No. 45 at 1. Defendant contends that Plaintiff responded to Defendant's counsel's email on August 11, 2022, stating he would respond the next day, but he did not. *Id*. On September 6, 2022, Plaintiff finally responded saying that it was the first time he was able to address the issues raised, and he needed another day or two. *Id*. Defendant's counsel waited three days, until September 9, 2022, and requested that Plaintiff supplement his responses. *Id*. Defendant

5

informed Plaintiff it would file a motion to compel if Plaintiff failed to do so.  *Id*.

Defendant waited another few days, until September 12, 2022, to give Plaintiff sufficient

time to respond, but Plaintiff did not do so.  *Id*.

Defendant asks the Court to order Plaintiff to, within seven days: (1) serve his initial

disclosures; (2) serve complete and supplemented responses to Defendant's Interrogatories

(Set I) and Requests for Production of Documents (Set I); (3) execute Defendant's

Authorizations; (4) produce relevant documents not previously produced; and (5) pay

Defendant's reasonable attorney's fees and expenses incurred in bringing the motion to

compel.

On September 15, 2022, three days after Defendant filed its motion to compel,

Plaintiff emailed the Court's chambers, copying Defendant's counsel.  Plaintiff stated that

he received some emails from Defendant's counsel recently and is in the process of

replying to each of those emails.  Plaintiff also referenced Defendant's motion to compel.

He stated,

> At no time ha[s] [he] refused to answer pertinent questions or
> refused to provide information that is approved by [the C]ourt
> and is legal; although, [he] admit[s], that some time passed
> before [he] could respond to their emails. [He] was not, and [is]
> still not, aware that there are any legal requirements to answer
> their email in a certain time period.  There seem to be few
> technical issues/terms that [he] was/[is] not aware of; for
> instance, 'initial disclosure' and 'Bates' process/guidelines
> when responding to their requests.

Plaintiff further stated that his email was sent "only to inform [the Court] that today [he]

ha[s] become aware of the filing of this motion and will need some time to draft [his]

reply."  Plaintiff said that he would "try [his] best to address it as soon as [he] could," and

asked for the Court to "allow [him] few days to read the motion and prepare [his] response."

On September 16, 2022, the Court responded to Plaintiff's email.  The Court stated, "Any requests for an extension of time to respond to a motion need to be filed formally on the docket."

Plaintiff did not file a request for an extension of time to respond to Defendant's motion on the docket.  Nor did Plaintiff file and serve a responsive memorandum of law and any affidavits or exhibits by the September 19, 2022, deadline. *See* D. Minn. LR 7.1(b)(2).  Two days later, on September 21, 2022, the Court canceled the September 26, 2022, motion hearing and took the motion under advisement on the papers.  *See* ECF No. 49 (citing D. Minn. LR 7.1(b); *see also* D. Minn. LR 7.1(g)(1) ("If a party fails to timely file and serve a memorandum of law, the court may cancel the hearing and consider the matter submitted without oral argument.").

On September 23, 2022, Plaintiff sent an *ex parte* email to the Court.  Plaintiff stated that he "wanted to send this quick email to inform [the Court] that [he is] in a process to draft [his] response and ask for more time."  He said that he will "do [his] best to have it filed before the end of the day, or by [Saturday, September 24, 2022] at the latest."  He further said, "[P]lease allow me some time to file a request for more time...or perhaps postponing [the September 26, 2022, hearing] until later time if there is an impasse."

On Sunday, September 25, 2022, Plaintiff sent another *ex parte* email to the Court. Plaintiff stated that while working on his response to Defendant's motion on Friday, September 23, he realized from a CM/ECF notice that the September 26 hearing had been cancelled.  Plaintiff stated that as a result of the hearing being cancelled, he believed that

he did not have to respond to Defendant's motion.  But after 'talking to a friend with some legal experience," he was advised to respond.  Plaintiff also stated that he is "not sure if [his] response is still due since [the September 26 hearing] [was] cancelled; however, if it is, [he] would like to request added time to respond."

On that same day, Plaintiff also filed a "Response to ECF No. 49 (Order to Cancel Meeting)."  *See* ECF No. 50.  Plaintiff stated that he "had full intention to reply to the motion [to compel], but late last Friday evening [September 23, 2022] became aware of the cancellation of the meeting scheduled for Monday, September 26, 2022."  *Id*. at 1. Plaintiff stated that "he is not sure how to go about responding to the motion if the meeting is cancelled."  *Id*.  Plaintiff "had full intention to attend the meeting and respond accordingly," and "is not quite sure how to respond."  *Id*.  Plaintiff noted that he "would like to submit the following as a response to the motion by Defendant . . . ."  *Id*.

Plaintiff contends that he has "found many objections" to Defendant's interrogatories and request for production of documents, and states that he "has been actively communicating with Defendant's attorneys . . . ."  *Id*. at 1-2.  Plaintiff "admits that there has been some delay in responding to the original request by the Defendant's attorneys, but [contends] it was not intentional."  *Id*. at 2.  He claims "that a contentious issue has arisen where the Defendants and their attorneys have malicious [sic] tried to use a very powerful adjective to describe Plaintiff's certain medical issue that does not even exist."  *Id*. at 2-3.  Plaintiff contends that the parties are in the process of meeting and conferring on such issues and the Court need not decide Defendant's motion to compel. *Id*. at 3.

On September 26, 2022, Defendant filed a letter addressing the arguments in Plaintiff's response. *See* ECF No. 51. Defendant referenced Plaintiff's September 15, 2022, email to the Court, where he asked for a "few days to read the motion and prepare [his] response." *Id*. Defendant also referenced the Court's email to Plaintiff that if he wished to ask for an extension of time to respond to the motion, he had to do so by filing a formal request on the docket. *Id*. Defendant noted that Plaintiff failed to file a formal request on the docket or file a timely response to the motion to compel. *Id*.

On October 27, 2022, Plaintiff sent another *ex parte* email to the Court. Plaintiff stated that "it had been well over a month since [he] checked in to PACER to see if there [were] any updates" to his case. He stated that he planned to start writing his response to Defendant's motion "by this weekend." Plaintiff requested that the Court "allow [him] a few days and [he] shall have a response to [Defendant's] motion filed with the [C]ourt."

As of the date of this Order, the Court has not received any additional emails or submissions from Plaintiff. On December 14, 2022, Defendant filed a letter with the Court. ECF No. 52. Defendant notes that the close of fact discovery and the non-dispositive motion deadline are both rapidly approaching, and as such, Defendant plans to notice Plaintiff's deposition for January 13, 2023. *Id*. at 1. Defendant states that it is likely that it will not receive the requested documents or information from Plaintiff until just before, or well after, the scheduled deposition date. Accordingly, if the Court grants Defendant's motion, in whole or in part, Defendant requests that the Court provide Defendant (1) 60 days after Plaintiff's production of any additional documents or information to conduct additional discovery, including re-convening Plaintiff's deposition, relating to such

additional documents or information; and (2) 30 days after the completion of such additional discovery to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with the Court's Order on the motion to compel. *Id.* at 1-2.

### III. DISCUSSION

#### A. Failure to File Responsive Memorandum

As an initial matter, Plaintiff failed to timely file and serve a responsive memorandum of law. Plaintiff's opposition to Defendant's motion to compel was due on September 19, 2022. *See* D. Minn. LR 7.1(b)(2) ("Within 7 days after filing of a nondispositive motion and its supporting documents under LR 7.1(b)(1), the responding party must file and serve the follow documents: memorandum of law; and any affidavits and exhibits."). While Plaintiff sent the Court an *ex parte* email on September 15 explaining that he needed a "few days to read the motion and prepare [his] response," the Court told Plaintiff that "[a]ny requests for an extension of time to respond to a motion need to be filed formally on the docket." This was *after* the Court had already informed Plaintiff on several occasions that the Court would not accept his email communications and that any requests for extensions or relief needed to be filed formally on the docket. *See* ECF No. 42 (reminding Plaintiff on June 27, 2022, that "[g]oing forward, the Court [would] not consider ex parte communications from Plaintiff" and that "[a]ny correspondence directed to the Court . . . shall include defense counsel"); *see also* July 1, 2022, email (reminding Plaintiff that "[p]er the Court's [June 27] Order, the Court will not be responding to [Plaintiff's] last email or any future emails," and that "any requests for relief

from the Court shall be filed as a formal motion on the docket").

Despite these warnings, Plaintiff requested additional time to file a response to Defendant's motion in two *ex parte* emails on September 23 and September 25. Plaintiff failed to file a formal request on the docket for an extension of time to file his memorandum of law. Instead, Plaintiff filed a "response" to Defendant's motion almost one week late, at 9:12 p.m. on a Sunday night, less than 24 hours before the motion hearing was scheduled to originally occur, but days after the Court had already cancelled the hearing and taken the motion under advisement. In his response, which does not address substantively the issues raised by Defendant's motion, Plaintiff does not request additional time to file his responsive memorandum. Instead, he states that he is "not quite sure how to respond to [Defendant's] motion" and requests the Court's "guidance how to best address this issue." ECF No. 50 at 3. Plaintiff then sent the Court another *ex parte* email over a month later, on October 27, stating that he planned to start writing his response to Defendant's motion "by this weekend," approximately six weeks after his response was due. Plaintiff never filed an additional response.

Given Plaintiff's "undue delay and blatant disregard for the rules of Court," especially considering the number of reminders the Court gave Plaintiff to file any requests for extensions formally on the docket and that it would not accept or respond to Plaintiff's *ex parte* emails, the Court declines to consider Plaintiff's untimely response to Defendant's motion to compel. *See Miller v. Northwest Airlines, Inc.*, No. 11-cv-2063 (SRN/AJB), 2013 WL 5425420, at *24 (D. Minn. Sept. 27, 2013) (quoting *Hewitt v. City of Minneapolis*, No. 12-cv-2132 (DWF/FNL), 2013 WL 718189, at *5 (D. Minn. Feb. 27,

2013)).  Accordingly, the Court could consider Defendant's motion to be unopposed.  *Id.* (citing *WesemanRoth v. Conversion Solutions, LLC*, No. 06-cv-1185, 2007 WL 656263, at *1 n.1 (D. Minn. Feb. 28, 2007)); *see also Schuett v. LaRiva*, No. 15-cv-4207 (WMW/SER), 2016 WL 11483861, at *2 (D. Minn. May 26, 2016) (Plaintiff's "failure[ ] to comply with the Local Rules alone may warrant" granting Defendant's motion).  In light of Plaintiff's pro se status, however, the Court will consider Defendant's motion on the merits.

**Moving forward, the Court again reminds Plaintiff that the Court will not consider *ex parte* communications from Plaintiff.  Any correspondence directed to the Court must include defense counsel.  Further, all requests for extensions of time or for other relief from the Court must be filed formally on the docket.  The Court will not consider such requests via email.**

### B. Defendant's Motion to Compel Discovery

Defendant asks the Court to order Plaintiff to: (1) serve initial disclosures; (2) supplement discovery responses; (3) execute appropriate authorizations; (4) produce relevant documents; and (5) pay reasonable attorneys' fees and costs Defendant incurred in bringing its motion to compel.  ECF No. 43.

### 1. Initial Disclosures

First, Defendant moves the Court to order Plaintiff to provide his overdue initial disclosures.  Def.'s Mem. in Supp. at 6, ECF No. 46.  All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) were originally due on May 26, 2022.  ECF No. 28 at 1.  The Court granted Plaintiff's request for additional time to complete pre-discovery

disclosures, ECF No. 33, and extended the deadline to June 14, 2022.  ECF No. 37. According to Defendant, it contacted Plaintiff multiple times requesting pre-discovery disclosures.  Def.'s Mem. in Supp. at 3.  As of the date Defendant filed its motion to compel, Plaintiff had not provided his initial disclosures.  *Id*.

Federal Rule of Civil Procedure 37(a) allows a party to move for an order compelling disclosure or discovery.  Specifically, under Rule 37(a)(3)(A), a party may move to compel disclosure required by Rule 26(a).  Rule 26(a) requires a party to provide initial disclosures without awaiting a discovery request.  The primary purpose of the initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information."  *See Minn. Mining and Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460 (D. Minn. 1998) (citation omitted).  "[I]nitial disclosures are not optional. They must be made."  *Hoffman v. MJC America, LTD*, No. 4:18-CV-04169-LLP, 2019 WL 4933526, at *5 (D. S. D. Oct. 7, 2019).

Accordingly, Plaintiff must produce initial disclosures as required by Rule 26.  This includes a requirement that Plaintiff produce "a computation of each category of damages," and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

### 2. Discovery Responses

Defendant also contends that while Plaintiff served his discovery responses on July 18, 2022, they "were notably deficient in numerous respects."  Def.'s Mem. in Supp. at 4.

Defendant contacted Plaintiff numerous times requesting supplementation. *Id*. at 4-5. As of the date Defendant filed its motion to compel, Plaintiff had not supplemented his discovery responses. *Id*. at 5. Defendant moves to compel supplemented responses to Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20, and for Plaintiff to execute the corresponding authorizations.

The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery . . . ." (quoting *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" (internal quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Some threshold showing of relevance must be made[, however,] before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018)

(quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." (quotation omitted)).   "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case." *Vallejo*, 903 F.3d at 742 (quotation omitted); *see* Fed. R. Civ. P. 26(b)(2)(C)(iii).   Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d 742-43.

Interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).   "Each interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).   All objections to interrogatories "must be stated with specificity." Fed. R. Civ. P. 33(a)(4). Evasive or incomplete disclosures, answers, or responses "must be treated as a failure to disclose, answer, or respond" for purposes of considering a motion to compel. Fed. R. Civ. P. 37(a)(4). Where a party "fails to answer an interrogatory" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection," the party seeking the discovery "may move for an order compelling an answer,

15

designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).

The Court has reviewed Plaintiff's answers and responses to Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13 and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20.  *See generally* Ex. E to Hargreaves Decl., ECF No. 47-1.  The Court agrees with Defendant that Plaintiff's answers and responses are deficient.  Many of them are non-responsive to Defendant's requests.  *See, e.g.*, Pl.'s Resp. to Request No. 8 ("This is a huge amount of information you are asking for. It will take months and months for me to compile . . . ."); Pl.'s Resp. to Request No. 10 ("Again, this would be a huge task and would require many months to compile. . . . Not sure what you need here. . . ."); Pl.'s Resp. to Request No. 15 ("I don't even under [sic] this question. Damages of what? For whom? Damages incurred because of what? By whom? I simply do not understand this question. . . ."); Pl.'s Resp. to Request No. 20 (providing no response); Pl.'s Answer to Interrogatory No. 5 ("Alleged damages? No, real damages! It is hard to quantify and give an actual dollar amount . . . ."); Pl.'s Answer to Interrogatory No. 11 ("I am trying to figure the relevance of this question to this case? I would need legal reasons for requiring any Authorization to Release Employment information. . . ."); Pl.'s Answer to Interrogatory No. 12 ("I applied for hundreds of jobs while I was employed with Endeavor Air. However, it would be impossible to give you information on 'each and every attempt' I made. . . . This would be too cumbersome to dig through this information . . . .").  Many of Plaintiff's answers and responses simply pose questions back to Defendant.  *See, e.g.*, Pl.'s Answer to Interrogatory No. 2 ("What does 10-year period have anything to do with this case? . . ."); Pl.'s Answer to Interrogatory No. 10 ("What do you mean by coached?," "Could you please

16

describe what do you mean by informally corrected? . . . While at it, what are you trying to ask here when referring to formally corrected?," "How would you describe difference between a formal or an informal employer? . . .") (internal quotations omitted); Pl.'s Answer to Interrogatory No. 11 ("I am trying to figure the relevance of this question to this case? . . ."); Pl.'s Answer to Interrogatory No. 13 ("Again, another vague question. Could you please elaborate more on what you are trying to ask? . . ."). Plaintiff's answers and responses fail to provide the specifically requested information. Plaintiff has not justified his boilerplate objections, nor has he filed a timely response in opposition to Defendant's motion to compel. Further, Plaintiff did not respond substantively to Defendant's attempts to resolve the insufficient answers and responses prior Defendant filing the instant motion. Defendant's discovery requests are relevant, proportional to the needs of the case, and would not impose an undue burden on Plaintiff to produce. The Court will therefore compel Plaintiff to supplement its responses and answers and respond fully to Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20.

Defendant requests that the Court order Plaintiff to provide initial disclosures, respond fully to Defendant's discovery requests, and execute the relevant authorizations within seven days of this Order. In light of Plaintiff's pro se status and the fact that the Court will be closed for a few days over the next several weeks for Court Holidays, the Court will give Plaintiff 21 days to provide initial disclosures, respond fully to Defendant's interrogatories and requests for production, and execute the relevant authorizations. Because the Court has given Plaintiff two extra weeks to respond to Defendant's discovery

requests, Plaintiff is cautioned that the Court will not entertain any requests for extensions of time to provide initial disclosures, respond fully to Defendant's discovery requests, or execute the relevant authorizations. Initial disclosures should have been produced on June 14, 2022, and adequate responses to Defendant's discovery requests should have been produced on July 18, 2022. Plaintiff is already months late producing initial disclosures and responding to Defendant's discovery requests. Given the facts of this case, 21 more days is more than fair and reasonable.

In sum, Defendant's Motion to Compel, ECF No. 43, is granted in part insofar as **Plaintiff must provide initial disclosures and respond fully to Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20, including that Plaintiff must execute and return the corresponding authorizations.** Defendant's motion is denied to the extent that Defendant requests that the Court order Plaintiff to do so within seven days of this Order. Instead, **Plaintiff must provide the requested information within 21 days of this Order.**

### 3.   Request for Attorneys' Fees

Defendant argues that it should be awarded attorneys' fees and costs pursuant to Fed. R. Civ. P. 37. Def.'s Mem. in Supp. at 5, 16-17. Defendant argues that Plaintiff should be ordered to pay Defendant's attorneys' fees and costs in making its motion to compel "[g]iven the attorneys' fees and costs [Defendant] has had to incur as a result of the numerous delays in this lawsuit." *Id*. at 16.

Rule 37(a)(5) provides for expenses in connection with a motion to compel under certain circumstances. *See generally* Fed. R. Civ. P. 37(a)(5). The Court has granted

Defendant's motion to compel in part and denied it in part.  Under Rule 37(a)(5)(C), when a motion has been granted in part and denied in part, reasonable expenses incurred for the motion are permitted, but not required.  Here, it is the Court's view that any award of attorneys' fees and costs under Rule 37(a)(5) would have little, if any, positive effect, and would increase the costs of litigation, making an award of fees unjust under the circumstances.

It is, however, also within the Court's discretion to award sanctions for Plaintiff's non-compliance with Rule 26(a)(1)'s mandatory requirements to provide Defendant initial disclosures.  Under Rule 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  The Court is also permitted to sanction Plaintiff for failing to timely file and serve a responsive memorandum of law.  *See* D. Minn. LR 7.1(g) (permitting the Court to "take any other action that the court considers appropriate" when a party fails to timely file and serve a memorandum of law).  The Court finds **$350** to be an appropriate sanction for non-compliance with both Rule 26(a)(1)'s mandatory requirements and Local Rule 7.1(g).  **This sanction shall be paid by Plaintiff to Defendant within 60 days from the date of this Order**.

As a final matter, Defendant notes that "if Plaintiff's failure to prosecute this case continues, the Court would be well within its discretion to dismiss this lawsuit pursuant to Rules 16(f), 37, and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders."  Def.'s Mem. in Supp. at 16.  The Court's orders in this case have consistently warned of a panoply of potential remedies and sanctions for

19

non-compliance with court rules and orders. *See* ECF No. 7 at 1-2; ECF No. 17 at 5-6; ECF No. 28 at 5; ECF No. 29 at 4; ECF No. 38 at 7-8; ECF No. 42 at 2-4. The Court notes that Plaintiff's actions, inactions, delays, and failures to comply with applicable court rules and the Court's orders have placed Plaintiff perilously close to going over the proverbial line that justifies dismissal. Plaintiff is warned, however, and Defendant should also take heed, that the Court will not hesitate to impose additional appropriate sanctions, including without limitation, dismissal of this case, should the record reflect a continuing pattern of a party's failure to comply with its discovery obligations.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Discovery, ECF No. 43, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein:

    a. **Within 21 days of the date of this Order**, Plaintiff shall fully answer Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, serve full responses to Defendant's Request for Production Nos. 8, 10, 14, 15, 16, 18, and 20, and execute the corresponding authorizations.

    b. **Within 60 days of the date of this Order**, Plaintiff shall pay Defendant $350.

2. Defendant shall have 60 days after Plaintiff's production of the additional documents and information to conduct additional discovery, including re-convening Plaintiff's deposition, relating to such additional documents and information.

3. Defendant shall have 30 days after the completion of such additional discovery to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with this Order.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: December __15__, 2022              _____*s/Tony N. Leung*_____
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


                                          *Sultana v. Endeavor Air*
                                          Case No. 21-cv-2364 (JRT/TNL)