UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Saeed Sultana, | Case No. 21-cv-2364 (JWB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Endeavor Air, | |
| Defendant. | |

Marc Saeed Sultana, 112080 Stone Creek Drive, Chaska, MN 55318 (pro se Plaintiff); and

Andrew E. Tanick and Colin H. Hargreaves, Ogletree Deakins Nash Smoak & Stewart PC, 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (for Defendant).

# I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Endeavor Air's Motion to Amend Scheduling Order, ECF No. 68; Plaintiff Marc Saeed Sultana's Motion for Extension of Deadline – More Time to Comply with Requirements of Court Order (ECF No. 53), ECF No. 73; and Plaintiff's Request for Court-Appointed Counsel and Stay of Proceedings, ECF No. 74. The Court took the motions under advisement, on the papers, without a hearing. ECF No. 81; *see also* D. Minn. LR 7.1(b).

# II. BACKGROUND

A full history of this case is set forth in the Court's December 15, 2022 Order granting in part and denying in part Defendant's Motion to Compel Discovery. *See* ECF

1

No. 53 ("December 15, 2022 Order"); *see also Sultana v. Endeavor Air*, No. 21-cv-2364 (JRT/TNL), 2022 WL 17690151 (D. Minn. Dec. 15, 2022). The Court incorporates its December 15, 2022 Order by reference herein.

As relevant to the pending motions before the Court, the December 15, 2022 Order required Plaintiff to "fully answer Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, serve full responses to Defendant's Request for Production Nos. 8, 10, 14, 15, 16, 18, and 20, and execute the corresponding authorizations" by January 5, 2023. ECF No. 53 at 20. Plaintiff was also sanctioned $350 for non-compliance with Rule 26(a)(1)'s mandatory requirements and Local Rule 7.1(g), and was ordered to pay Defendant by February 13, 2023. *Id*. The Order also gave Defendant "60 days after Plaintiff's production of the additional documents and information to conduct additional discovery, including re-convening Plaintiff's deposition, relating to such additional documents and information," and 30 days after that "to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with th[e] Order." *Id*.

According to Defendant, Plaintiff has not complied with the Court's December 15, 2022 Order. Def.'s Mem. in Supp. at 2, ECF No. 70. Specifically, Plaintiff has not supplemented his discovery responses and document production, executed the corresponding authorizations, or paid the $350 sanction. *Id*. at 1-2.

Defendant now moves the Court to extend the Pretrial Scheduling Order deadlines in this matter because "the current deadlines do not allow for the above-described additional discovery or additional non-dispositive motions" relating to such additional discovery or to Plaintiff's compliance with the Court's December 15, 2022 Order. *Id*. at

3-4; *see also* ECF No. 68.  Relatedly, Plaintiff moves the Court for additional time to comply with the Court's December 15, 2022 Order.  ECF No. 73 at 1.  Additionally, Plaintiff requests that the Court appoint him counsel and stay the proceedings until counsel is appointed.  ECF No. 74 at 1-2.

## III. DISCUSSION

### A. Pretrial Scheduling Order

On April 27, 2022, the Court issued a Pretrial Scheduling Order.  *See* ECF No. 28. Among other deadlines, the Court set the fact discovery and non-dispositive motion deadline for January 15, 2023, the dispositive motion deadline for April 15, 2023, and the trial date for July 15, 2023.  *Id*. ¶¶ 1(b), 4(d), 5(a), 7(a).  The Court's December 15, 2022 Order adjusted the fact discovery deadline, giving Defendant "60 days after Plaintiff's production of additional documents and information to conduct additional discovery, including reconvening Plaintiff's deposition, relating to such additional documents information."  ECF No. 53 at 20.  The Order also gave Defendant "30 days after the completion of such additional discovery to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with [the December 15, 2022] Order."  *Id*.  Thus, assuming Plaintiff would comply with the Court's December 15, 2022 Order and produce additional documents information by January 5, 2023, the Court's December 15, 2022 Order set the additional fact discovery deadline for March 6, 2023, and the additional non-dispositive motion deadline for April 5, 2023.

Defendant contends that Plaintiff has not complied with the Court's December 15, 2022 Order.  Def.'s Mem. in Supp. at 2.  Defendant further contends that Plaintiff did not

3

appear for his duly noticed deposition, and Defendant has not had the opportunity to take Plaintiff's deposition. *Id*. Defendant notes that it filed a Motion to Dismiss Plaintiff's Complaint, which is scheduled for a hearing on May 2, 2023, after the April 15 dispositive motion filing deadline. *Id*. at 3; *see also* ECF Nos. 55, 82. According to Defendant, "[i]f Plaintiff's Complaint is not dismissed entirely by way of Defendant's pending Motion to Dismiss, [Defendant] intends to file a Motion for Summary Judgment seeking dismissal of the lawsuit for substantive reasons." Def.'s Mem. in Supp. at 3. Thus, Defendant contends there is good cause to modify the Pretrial Scheduling Order deadlines because "the current deadlines do not allow for the [ ] additional discovery or additional non-dispositive motions, and do not enable the Court to hear and issue a decision on [Defendant's] Motion to Dismiss prior to the dispositive motion deadline, let alone give [Defendant] enough time to file a summary judgment motion if its Motion to Dismiss is denied in part." *Id*. at 3-4. Additionally, Defendant argues that "the current trial-ready date of July 15, 2023, is no longer possible in light of the uncertain deadlines," and amending the Pretrial Scheduling Order is necessary "to set a realistic trial date." *Id*. at 4. Defendant requests that the Court amend the Pretrial Scheduling Order as follows:

- **Additional Discovery.** Paragraph 1(b) of the Scheduling Order shall be amended to add the following: 'Notwithstanding the [fact discovery deadline], Defendant shall have 60 days after Plaintiff's production of the additional documents and information that Plaintiff was ordered to produce or provide in the Court's Order of December 15, 2022, to conduct additional discovery relating to such additional documents and information, and to convene Plaintiff's deposition.'

- **Additional Non-Dispositive Motions.** Paragraph 4(d) of the Scheduling Order shall be amended to add the following:

> 'Notwithstanding the [non-dipositive motion deadline], Defendant shall have 30 days after the completion of such additional discovery to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with the Order of December 15, 2022, or relating to any future amendments to the Scheduling Order arising from Plaintiff's failure to comply with the court's rules or Orders.'

- **Dispositive Motions.**  Paragraph 5(a) of the Scheduling Order shall be amended to state as follows: 'If the Court does not grant Defendant's pending Motion to Dismiss, then all subsequent dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed **60 days** after Plaintiff: (a) fully complies with the Court's Order on [Defendant's] Motion to Compel dated December 15, 2022 (Doc. No. 53) as well as (b) Plaintiff fully complies with any additional obligations imposed by the Court in response to [Defendant's] Motion to Dismiss (Doc. No. 55); and (c) Plaintiff has appeared for, and cooperated in, his deposition.'

- **Trial.**  Paragraph 7(a) of the Scheduling Order shall be amended to state as follows: 'The case shall be ready for a jury trial **60 days** after the expiration of the new dispositive motion deadline set forth in Paragraph 5(a) above or, if Defendant files a Motion for Summary Judgment on or prior to that deadline and the motion is not granted, 60 days after the Court issues its Order on Defendant's Motion for Summary Judgment.'

*Id*. at 5.

Plaintiff filed a Memorandum of Law in Opposition to Defendant's motion.  *See generally* Pl.'s Mem. in Opp., ECF No. 80.  Plaintiff states that he "opposes Defendant's Motion [to Amend Scheduling Order] due to [his] prolonged medical condition, which continue[s] to this day, but mostly affected [his] ability to address/respond/reply to various deadlines outlined in [the Court's Pretrial] Scheduling Order." *Id*. at 2.  Specifically, Plaintiff states that he "began to experience moderate to severe health issues which severely

affected [his] ability to address anything further in this case," *id.* at 3, and he "regrets delays occurred in submitting [r]esponses to various motions and court-ordered deadlines." *Id*. at 6-7. While Plaintiff "ask[s] the court not to grant [Defendant's] motion," he requests that the Court amend the Pretrial Scheduling Order deadlines "by adding six months (time during which Plaintiff was unwell and unable to continue to work productively in this very important case)." *Id*. at 7.

Rule 16(b) provides that the Court's Pretrial Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines."). "The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (quotation omitted). "The 'exacting' standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing." *Coleman v. Minneapolis Pub. Schs.*, No. 18-cv-2283 (DSD/ECW), 2020 WL 6042394, at *3 (D. Minn. Oct. 13, 2020) (citing *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quotation and citation omitted). "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

6

"District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." *In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758-59 (8th Cir. 2006)).

The Court finds that Defendant has established good cause for some modification of the existing Pretrial Scheduling Order at this time. Despite Plaintiff's delays, Defendant was diligent in attempting to meet the fact discovery, non-dispositive, and dispositive motion deadlines. And, as Plaintiff concedes, the delay was attributable him. *See* Pl.'s Mem. in Opp. at 2 ("It was a confluence of medical/health events which were out of Plaintiff's control and prevented the Plaintiff from addressing/responding [to] defendant's motion to compel."). Nor will Plaintiff be prejudiced by this delay. As noted, Plaintiff himself requests that the Court amend the Pretrial Scheduling Order "by adding six months" to the deadlines. *Id*. at 7. Accordingly, the Court will amend the "additional discovery," "additional non-dispositive motions," dispositive motions, and trial dates in the Pretrial Scheduling Order.

The Court will not, however, adopt all of Defendant's suggested deadlines. Defendant requests that the Court leave several deadlines fluid, such as giving Defendant "60 days after Plaintiff's production of the additional documents and information that Plaintiff was ordered to produce or provide in the Court's Order of December 15, 2022, to conduct additional discovery relating to such additional documents and information, and to convene Plaintiff's deposition." *See* Def.'s Mem. in Supp. at 5. Similarly, Defendant requests that the dispositive motion deadline be "60 days after Plaintiff: (a) fully complies

7

with the Court's [December 15, 2022] Order . . . as well as (b) Plaintiff fully complies with any additional obligations imposed by the Court in response to [Defendant's] Motion to Dismiss . . . ; and (c) Plaintiff has appeared for, and cooperated in, his deposition." *Id*. What Defendant seeks to do here is leave all dates in the Pretrial Scheduling Order as to-be-determined depending on when it concludes that Plaintiff has complied sufficiently with the Court's December 15, 2022 Order or any future order on Defendant's Motion to Dismiss.  The record in this case does not support a blanket, unqualified extension of all deadlines in this case.  "The parties, . . . and the Court, need finality in order to prepare for dispositive motions and trial." *Edeh v. Equifax Information Services, LLC*, No. 11-cv-2671 (SRN/JSM), 2013 WL 12304665, at *2 (D. Minn. Aug. 5, 2013).  Accordingly, in its broad discretion to establish and enforce deadlines, the Court will grant an extension of the Pretrial Scheduling Order as follows.

- **Additional Discovery.**  Paragraph 1(b) of the Scheduling Order shall be amended to add the following: 'Notwithstanding the [fact discovery deadline], Defendant shall have until **April 28, 2023** to conduct additional discovery relating to Plaintiff's production of additional documents and information Plaintiff was ordered to produce or provide in response to the Court's December 15, 2022 Order, and to convene Plaintiff's deposition.'

- **Additional Non-Dispositive Motions.**  Paragraph 4(d) of the Scheduling Order shall be amended to add the following: 'Notwithstanding the [non-dipositive motion deadline], Defendant shall have until **May 2, 2023** to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with the Order of December 15, 2022, or relating to any future amendments to the Scheduling Order arising from Plaintiff's failure to comply with the court's rules or Orders.'

8

- **Dispositive Motions.** Paragraph 5(a) of the Scheduling Order shall be amended to state as follows: 'All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **June 15, 2023**.'

- **Trial.** Paragraph 7(a) of the Scheduling Order shall be amended to state as follows: 'This case shall be ready for a Jury trial on **September 15, 2023**.'

*See also* ECF No. 83 (extending the dispositive motion deadline to June 15, 2023, and the trial-ready date to September 15, 2023).

In sum, the Court grants in part and denies in part Defendant's motion to amend the Pretrial Scheduling Order as set forth herein. The Court will file an amended pretrial scheduling order memorializing these deadlines.

### B. Compliance with the Court's December 15, 2022 Order

Plaintiff filed a Motion for Extension of Deadline – More Time to Comply with Requirements of Court Order (ECF No. 53). ECF No. 73. Plaintiff requests additional time "to complete [the] requirements" of the Court's December 15, 2022 Order. *Id*. at 1. He contends that he "has not been well for many months and has not been able to address many important issues of this case including responding to various filings by the defendant[]." *Id*. He states that he became ill in late September of 2022, which "truly affected [his] ability to address this case," and then he got COVID-19 around Thanksgiving 2022 and ended up in urgent care on Christmas Day 2022. *Id*. Once he received medical treatment, his "physical condition began to improve," but his physician told him that his recovery may take up to 8 weeks or 8 months. *Id*. at 1-2. Plaintiff is vague about what his

9

condition was like during that time or how it affected his ability to prosecute his case, but contends, without providing any reliable third-party evidence that, he can prove his illnesses and subsequent treatment with documentation. *Id*. at 2. Further, Plaintiff argues that he was not aware of the deadlines set forth in the Court's December 15, 2022 Order "until an email sent by Defendant's attorneys [a] few days after the Settlement Conference on Monday, February 13, 2023." *Id*. at 1. He "offer[s] the court [his] sincere apologies" and states that he "never meant to not comply with any court orders." *Id*. at 2. Plaintiff requests that the Court extend the deadline to meet the Court's December 15, 2022 Order to March 10, 2023. *Id*. at 3.

Defendant opposes Plaintiff's request for an extension of time to comply with the Court's Order. *See generally* Def.'s Mem. in Opp., ECF No. 76. Procedurally, Defendant argues that Plaintiff's motion should be denied because Plaintiff did not meet and confer with Defendant's counsel prior to filing his motion or file the proper documents required by Local Rule 7.1(b).[1] *Id*. at 1-2, 7-8. Defendant also argues that Plaintiff's motion fails substantively because Plaintiff already missed all the deadlines set forth in the Court's December 15, 2022 Order, and Plaintiff cannot satisfy the "excusable neglect" standard to obtain relief. *Id*. at 4-7.

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion

---

[1] The Court notes that Plaintiff did not meet and confer with Defendant before filing his motion. Nor did Plaintiff do so in his other motion currently pending before the Court. *See* ECF No. 74. Local Rule 7.1 requires that moving party meet and confer with the other side before filing a civil motion. The Court will not deny Plaintiff's motions for failure to meet and confer at this time. But it expects Plaintiff to make much better efforts to comply with the Local Rules before filing any additional motions.

made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" which empowers courts to extend deadlines when the party's failure to act is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. "Four factors inform this decision: (1) the possibility of prejudice to the opposing party; (2) the length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's 'reasonable control'; and (4) whether the party acted in good faith." *HSK, LLC v. United States Olympic Comm.*, 248 F. Supp. 3d. 938, 942 (D. Minn. 2017) (citing *Chorosevic*, 600 F.3d at 946).

Here, the Court finds that Plaintiff's neglect in complying with the Court's December 15, 2022 Order was not excusable. First, Plaintiff filed his Complaint a year-and-a-half ago, in October 2021, and the length of delay in Plaintiff producing his initial disclosures and adequate responses to Defendant's discovery requests is substantial. As the Court noted in its December 15, 2022 Order,

> Plaintiff is cautioned that **the Court will not entertain any requests for extensions of time** to provide initial disclosures, respond fully to Defendant's discovery requests, or execute the relevant authorizations. Initial disclosures should have been produced on June 14, 2022, and adequate responses to Defendant's discovery requests should have been produced on July 18, 2022. Plaintiff is already months late producing initial

> disclosures and responding to Defendant's discovery requests. Given the facts of this case, ***21 more days [by January 5, 2023] is more than fair and reasonable.***

ECF No. 53 at 18 (emphasis added). Plaintiff should have produced his initial disclosures nearly ten months ago and adequate responses to Defendant's discovery requests nearly nine months ago. The Court ordered him to do so by January 5, 2023, and he again failed to do so. Plaintiff then waited *another* nearly eight weeks before bringing his motion for extension of time to comply with the Court's Order. The length of the delay, its impact on the judicial proceedings, and the prejudice to Defendant resulting from Plaintiff's failure to comply with the Court's December 15, 2022 Order are significant and weigh in favor of finding no excusable neglect.

Further, Plaintiff's reasons for delay in complying with the Court's December 15, 2022 Order are unconvincing. While the Court is sympathetic to any medical-related issues Plaintiff has dealt with during the pendency of this litigation, Plaintiff claims he did not comply with the Order because "even after the February 13th Settlement Conference, [he] still was not aware of the 60-day deadline to provide any documents to the defendants until [he] received an email from defendant's attorney regarding their motion to 'amend' the original decision." ECF No. 73 at 2. But Plaintiff received an email message on December 15, 2022 at that same email address notifying Plaintiff that the Court filed its Order granting in part and denying in part Defendant's Motion to Compel Discovery. The CM/ECF email notice instructed the parties to "See Order for details and deadlines." Though Plaintiff is a pro se litigant, he receives CM/ECF email notifications just like an attorney does, and Plaintiff is expected to prosecute his case and comply with the same rules and procedures

12

that all attorneys and litigants are expected to follow.

Moreover, the Court does not find that Plaintiff has acted in good faith to comply with the Court's Order. As the Court stated previously, Plaintiff has shown "undue delay and blatant disregard for the rules of Court" throughout this litigation. ECF No. 53 at 11. His "actions, inactions, delays, and failures to comply with applicable court rules and the Court's orders have placed Plaintiff perilously close to going over the proverbial line that justifies dismissal." *Id*. at 20. Plaintiff has not demonstrated that his delay was outside his reasonable control.

In sum, considering the four factors of excusable neglect, Plaintiff has not shown that his failure to comply with the Court's December 15, 2022 Order was excusable. Plaintiff has had a significant amount of time to provide his initial disclosures, respond fully to Defendant's discovery requests, and execute the relevant authorizations, and has failed to do so repeatedly. The time for compliance is now. Accordingly, Plaintiff's motion for additional time to comply with the Court's December 15, 2022 Order is denied.

While the Court is denying Plaintiff request for an extension, as a practical matter, the Court will set a final deadline for Plaintiff to comply fully with the Court's December 15, 2022 Order. Specifically, **Plaintiff must provide initial disclosures and respond fully to Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20, including that Plaintiff must execute and return the corresponding authorizations, and pay Defendant $350 no later than <u>April 14, 2023</u>**. This should not pose a problem for Plaintiff given that Plaintiff requested until March 10, 2023, to comply with the Court's Order. Finally, as stated in the Court's

13

December 15, 2022 Order, and as the Court again reminds Plaintiff now, "the Court will not entertain any requests for extensions of time" to comply with this Order. *See* ECF No. 53 at 18.

### C. Court-Appointed Counsel and Stay of Proceedings

Plaintiff requests that the Court appoint counsel to represent him and stay the proceedings until counsel is appointed. ECF No. 74 at 1-2. Plaintiff contends that this "option was made available during the Rule 26 process," but, at that time, he "in all his sincerity believed that [he] could proceed as a Pro Se litigant." *Id*. at 1. Since then, Plaintiff contends that "unforeseen circumstances considering [his] health . . . has contributed to many delays in [his] responses to various filings by the Defendants and even missing court deadlines." *Id*. According to Plaintiff, he "now realizes that if [he] had accepted the offer of court-appointed counsel, there would have been no delays in responding to any filings and court orders in a timely manner." *Id*. Plaintiff states that though he "is beginning to feel better," it is possible that further medical treatments "may hinder Plaintiff's ability to address the issues in a timely manner." *Id*. He therefore "would very much like to explore this possibility and seeks the court's assistance in having legal representation." *Id*. Further, Plaintiff requests that the Court stay the proceedings until counsel is appointed. *Id*. at 2.

Defendant opposes Plaintiff's request to stay the proceedings but takes no position with respect to Plaintiff's request for Court-appointed counsel. *See generally* Def.'s Mem. in Opp., ECF No. 77.

There is "no constitutional or statutory right to appointed counsel" in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curium); *accord Phillips v. Jasper*

14

*Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Instead, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F.App'x 371, 373 (8th Cir. 2016) (per curium).

The Court recognizes Plaintiff's desire for counsel. Nonetheless, the Court cannot conclude that litigating this action will be factually or legally complex, or that Plaintiff lacks the ability to investigate this action's facts or present his arguments to the Court. In fact, Plaintiff's Complaint includes detailed factual allegations and refers to specific federal statutes. Plaintiff does not identify which medical conditions or treatments "may hinder [his] ability to address the issues" of this case in a timely manner or inhibit his ability to prosecute his lawsuit. But even assuming this does pose an obstacle for Plaintiff, his actions to date speak differently. Plaintiff has sent the Court several emails, filed several documents, including motions and requests for extensions, and has demonstrated his ability to articulate his position to the Court and a basic understanding of legal procedure. He appeared for a 6.75-hour settlement conference on February 13, 2023, and discussed his case with the Court. *See* ECF No. 65. In short, Plaintiff has demonstrated that he is capable

of litigating this matter without the assistance of counsel. Any lack of understanding of the legal system is not, alone, sufficient to warrant appointment of counsel since these facts do not distinguish Plaintiff's case from the myriad of other claims brought by pro se litigants. Accordingly, the appointment of counsel is not warranted at this time. The Court therefore denies Plaintiff's motion for appointment of counsel, and motion for a stay of proceedings pending appointment of counsel, without prejudice.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Amend Scheduling Order, ECF No. 68, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Specifically:

    a. **Additional Discovery.** Paragraph 1(b) of the Scheduling Order shall be amended to add the following: 'Notwithstanding the [fact discovery deadline], Defendant shall have until **April 28, 2023** to conduct additional discovery relating to Plaintiff's production of additional documents and information Plaintiff was ordered to produce or provide in response to the Court's December 15, 2022 Order, and to convene Plaintiff's deposition.'

    b. **Additional Non-Dispositive Motions.** Paragraph 4(d) of the Scheduling Order shall be amended to add the following: 'Notwithstanding the [non-dipositive motion deadline], Defendant shall have until **May 2, 2023** to file any non-dispositive motions relating to such additional discovery or related to Plaintiff's compliance with the Order of December 15, 2022, or relating to any future amendments to the Scheduling Order arising from Plaintiff's failure to comply with the court's rules or Orders.'

    c. **Dispositive Motions.** Paragraph 5(a) of the Scheduling Order shall be amended to state as follows: 'All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **June 15, 2023**.'

  d. **Trial.** Paragraph 7(a) of the Scheduling Order shall be amended to state as follows: 'This case shall be ready for a Jury trial on **September 15, 2023**.'

2. An amended pretrial scheduling order consistent with this Order will be issued.

3. Plaintiff's Motion for Extension of Deadline – More Time to Comply with Requirements of Court Order (ECF No. 53), ECF No. 73, is **DENIED**.

  a. Nonetheless, **Plaintiff must provide initial disclosures and respond fully to Defendant's Interrogatory Nos. 1, 2, 5, 10, 11, 12, and 13, and Requests for Production Nos. 8, 10, 14, 15, 16, 18, and 20, including that Plaintiff must execute and return the corresponding authorizations, and pay Defendant $350 no later than <u>April 14, 2023</u>**.

4. Plaintiff's Request for Court-Appointed Counsel and Stay of Proceedings, ECF No. 74, is **DENIED WITHOUT PREJUDICE**.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: April __10__, 2023          *s/Tony N. Leung*
                   Tony N. Leung
                   United States Magistrate Judge
                   District of Minnesota

                   *Sultana v. Endeavor Air*
                   Case No. 21-cv-2364 (JWB/TNL)